Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Spencer S. Jones; | No. |
| | |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| U.S. Bancorp, d.b.a. Elan Financial Services; | |
| | |
| Defendant. | (Jury Trial Demanded) |

## I.  Preliminary Statement

1.     Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  JURISDICTION

2.     Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in

the Phoenix Division of the District of Arizona as Plaintiff's claims

arose from acts of the Defendant perpetrated therein.

### III.  PARTIES

3.  Plaintiff resides in Maricopa County, Arizona.

4.  Plaintiff is a natural person allegedly obligated to pay a debt.

5.  Defendant U.S. Bancorp is a Delaware corporation doing business as Elan Financial Services ("Elan") within the state of Arizona.

6.  Elan is a "person" as that term is defined by FCRA § 1681a(b).

7.  Elan is a furnisher of information, as contemplated by FCRA § 1681s-2(a) & (b), who furnishes information to one or more consumer reporting agency about consumer transactions or experiences with any consumer.

### IV.  Factual Allegations

8.  Defendant has been reporting derogatory and inaccurate statements and information concerning Plaintiff to third parties for an unknown period of time, including reporting this information to one or more of the three national consumer reporting agencies, including Experian, Trans Union and Equifax .

9.  This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff' true credit history.

10. Experian, Trans Union and Equifax have taken the inaccurate information furnished by Defendant and disseminated it to other third parties, including Plaintiff's creditors, potential creditors and others.

11. In or about January 2012, Plaintiff went to Desert Schools Federal

Credit Union ("DSFCU") to apply for a loan to purchase an automobile.

12.   At the time he was approved for the automobile loan, the representative at DSFCU told Plaintiff that he had also been approved for a credit card.

13.   Plaintiff told the DSFCU representative that he did not want or need another credit card, and declined the offer.

14.   Upon information and belief, DSFCU is affiliated with Elan which issues credit cards to the credit union's customers.

15.   Upon information and belief, DSFCU is an agent for Elan in issuing credit cards to DSFCU members.

16.   At no time has Plaintiff received any correspondence from Elan or DSFCU regarding an Elan credit card issued in Plaintiff's name.

17.   Plaintiff has never received a credit card issued by Elan or DSFCU.

18.   At no time has Plaintiff received any billing statements from Elan or DSFCU regarding an Elan credit card issued in Plaintiff's name.

19.   At no time has Plaintiff made any charges or credit purchases which were paid for by Elan or DSFCU through a credit card issued by Elan or DSFCU.

20.   In or about September 2015, Plaintiff attempted to refinance his home and was informed that a derogatory tradeline reported by Elan was affecting his credit score.

21.   Plaintiff immediately obtained copies of his credit reports from Experian, Trans Union and Equifax.

22.   Each of the three credit reports reflected a tradeline reported by Elan

1    Financial Services.

2    23.   The Experian credit report showed that Elan was reporting a credit card

3          account with a limit of $8,000, a high balance of $267, and a on-time

4          payment history from January 2012 through November 2014, and 30 or

5          more days late beginning in December 2014 through April 2015.

6    24.   The Experian report also shows that the first balance reported on the

7          account was $54 in September 2014 and October 2014, and

8          incrementally increasing by $37 each month thereafter until April 2015,

9          which showed a balance owing of $267.

10   25.   The Elan tradeline is the only negative account on Plaintiff's otherwise

11         pristine Experian credit report.

12   26.   The Trans Union credit report also showed that Elan was reporting a

13         credit card account with a limit of $8,000, a high balance of $267, and

14         an on-time payment history from January 2012 through November

15         2014, and 30 or more days late beginning in December 2014 through

16         April 2015.

17   27.   The Trans Union report also shows that the first balance reported on

18         the account was $54 in September 2014 and October 2014, and

19         incrementally increasing by $37 each month thereafter until April 2015,

20         which showed a balance owing of $267.

21   28.   The Elan tradeline is the only negative account on Plaintiff Trans

22         Union credit report.

23   29.   Plaintiff's Equifax credit report likewise showed that Elan was report-

24         ing a credit card account with a limit of $8,000, a high balance of $267,

25         and an on-time payment history from January 2012 through November

- 4 -

2014, and 30 or more days late beginning in December 2014 through April 2015.

30.   The Elan tradeline is the only negative account on Plaintiff Equifax credit report.

31.   On September 21, 2015, Plaintiff sent letters to Experian, Trans Union and Equifax disputing the inaccurate Elan tradeline.

32.   Upon information and belief, and pursuant to their duties under the Fair Credit Reporting Act, upon receipt of Plaintiff's dispute letters, Experian, Trans Union and Equifax each contacted Elan and requested that Elan investigate Plaintiff's dispute, and provide the results of the investigation.

33.   Upon information and belief, Elan received the notices of Plaintiff's dispute from Experian, Equifax and Trans Union.

34.   Upon information and belief, Elan responded to Experian, Equifax, and Trans Union concerning Plaintiff's disputes and verified to each of these consumer reporting agencies that Elan was reporting the Plaintiff's account accurately and / or updated the balance claimed to be owed.

35.   Plaintiff received a response to his dispute from Experian dated October 8, 2015 stating that the Elan tradeline has been "updated."

36.   Experian's response also showed that Elan updated the account status to a "Charge Off," with a balance owing of $270.

37.   Trans Union sent Plaintiff the results of its reinvestigation of Plaintiff's dispute dated October 3, 2015.

38.   Trans Union's response reflects that Elan updated the account to show

1    as a "Charged Off," and with a new balance owing of $270.

2    39.    Equifax also sent Plaintiff the results of its reinvestigation dated

3    October 2, 2015.

4    40.    The Equifax results reflect that the Elan tradeline was updated to show

5    "Charged Off," and with a current balance of $270.

6    41.    Elan has on numerous occasions failed to conduct a reasonable investi-

7    gation of Plaintiff's disputes.

8    42.    Elan has continued to report inaccurate information concerning an

9    alleged account with Plaintiff to the three national consumer reporting

10    agencies as a charge off and with a balance owing of $270.

11    43.    Elan's investigations as to each dispute it received concerning Plaintiff

12    were in all ways inadequate and did not comport with the requirements

13    under FCRA § 1681s-2(b).

14    44.    Elan ultimately "verified" its reporting of the account to Experian,

15    Trans Union and Equifax.

16    45.    Elan has continued to report inaccurate, derogatory and improper

17    information, and has failed to retract, delete, and / or suppress inaccu-

18    rate, derogatory and improper information about the Plaintiff, as

19    described more fully herein.

20    46.    As a result and proximate cause of Elan's actions, Plaintiff has suffered

21    actual damages, including, but not limited to, loss of opportunity, credit

22    denials, embarrassment, humiliation, frustration, worry, family strife,

23    and other emotional distress.

24    **V.  CAUSES OF ACTION**

25    **a.  FIRST CLAIM FOR RELIEF**

- 6 -

**(Negligent Noncompliance with FCRA)**

47.   Plaintiff incorporates by reference the foregoing paragraphs.

48.   Defendant Elan has failed to conduct a reasonable investigation of each
of the Plaintiff's disputes received from Experian, Trans Union and
Equifax concerning its reporting the underlying account, and have
otherwise failed to comport with FCRA § 1681s-2(b).

49.   As a result of Elan's failure to comply with the requirements of FCRA,
Plaintiff has suffered, and continues to suffer, actual damages for
which Plaintiff seeks damages in an amount to be determined by the
jury.

50.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

**b.  SECOND CLAIM FOR RELIEF**

**(Willful Noncompliance with FCRA)**

51.   Plaintiff incorporates by reference the foregoing paragraphs.

52.   Defendant Elan has willfully failed to conduct a reasonable investiga-
tion of each of the Plaintiff's disputes received from Experian, Trans
Union and Equifax concerning its reporting the underlying account,
and have otherwise failed to comport with FCRA § 1681s-2(b).

53.   As a result of Defendant Elan's actions, Plaintiff has suffered, and
continues to suffer, actual damages for which Plaintiff seeks damages
in an amount to be determined by the jury. Plaintiff also seeks punitive
damages in an amount to be determined by the jury.

54.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

**VI.  DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

# VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

      a)     Actual damages to be determined by the jury;

      b)     Statutory damages to be determined by the jury;

      c)     Punitive damages to be determined by the jury;

      d)     Attorney's fees;

      e)     Costs and expenses incurred in this action; and

      f)     Such other relief as may be just and proper.


DATED  January 27, 2016 .


                        s/ Floyd W. Bybee
                  Floyd W. Bybee, #012651
                  **BYBEE LAW CENTER, PLC**
                  90 S. Kyrene Rd., Ste. 5
                  Chandler, AZ 85226-4687
                  Office: (480) 756-8822
                  Fax: (480) 302-4186
                  floyd@bybeelaw.com

                  Attorney for Plaintiff